[Civ. No. 52237. First Dist., Div. One. Jan. 4, 1983.]

EARLENE MERRIMAN et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS OF MENDOCINO COUNTY et al.,
Defendants and Respondents.

890

COUNSEL

Eric Labowitz for Plaintiffs and Appellants.

John A. Drummond, County Counsel, for Defendants and Respondents.

OPINION

THE COURT.\*—Earlene Merriman, Michael Shapiro, Rick Johnson, Ward Sharrer, and Rex McClellan appeal from a judgment denying a petition for a writ of mandate. They were proponents of a referendum petition presented to the Mendocino County Board of Supervisors (hereafter, Board). The Board had enacted an ordinance which made violations of the Mendocino County building code (see Health & Saf. Code, § 17958) punishable as infractions. The referendum petition sought repeal of the ordinance or its submission to the voters at the November 4, 1980, General Election. (See Elec. Code, § 3754.) The petition contained the required number of signatures. (Elec. Code, § 3753.) The Board, however, took no action on the referendum petition. The superior court denied appellant's petition for a writ of mandate on the basis that the challenged ordinance was administrative and thus beyond the scope of the referendum process.

■ The People's reserved power of referendum (Cal. Const., art. II, § 9) is to be liberally construed to uphold the power whenever it is reasonable to do so. (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 591 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038]; *Fishman* v. *City of Palo Alto* (1978) 86 Cal.App.3d 506, 509 [150 Cal.Rptr. 326].) The exercise of that power is limited, however, to matters that are legislative. Administrative acts are not subject to referenda. (*Simpson* v. *Hite* (1950) 36 Cal.2d 125, 129 [222 P.2d 225]; *Fishman* v. *City of Palo Alto, supra,* 86 Cal.App.3d at p. 509.)

■ Courts have utilized two standards for determining whether acts of a local governing body are legislative or administrative. The first standard declares that "[l]egislative acts generally are those which declare a public purpose and make provisions for the ways and means of its accomplishment. Administrative acts, on the other hand, are those which are necessary to carry out the legislative policies and purposes already declared by the legislative body." (*Fishman* v. *City of Palo Alto, supra,* 86 Cal.App.3d at p. 509; accord, *Walker* v. *City of Salinas* (1976) 56 Cal.App.3d 711, 715-716 [128 Cal.Rptr. 832];

---

\*Before Racanelli, P. J., Elkington, J., and Newsom, J.

*Lincoln Property Co. No. 41, Inc.* v. *Law* (1975) 45 Cal.App.3d 230, 234 [119 Cal.Rptr. 292]; *Hughes* v. *City of Lincoln* (1965) 232 Cal.App.2d 741, 744-745 [43 Cal.Rptr. 306].)

■ The second standard has been said to be "superimposed upon the first when the local proposal deals with a subject affected by state policy and state law." (*Hughes* v. *City of Lincoln, supra,* 232 Cal.App.2d at p. 745.) It declares that an act is administrative if it deals with a subject which "is one of statewide concern in which the Legislature has delegated decision-making power, not to the local electors, but to the local council or board as the state's designated agent for local implementation of state policy . . . ." (*Hughes* v. *City of Lincoln, supra,* 232 Cal.App.2d at p. 745, quoted in *Walker* v. *City of Salinas, supra,* 56 Cal.App.3d at p. 716, and *Friends of Mount Diablo* v. *County of Contra Costa* (1977) 72 Cal.App.3d 1006, 1011 [139 Cal.Rptr. 469]; see also *Simpson* v. *Hite, supra,* 36 Cal.2d at p. 130 [act administrative where "state has acted to establish the basic policy and has vested the responsibility for carrying out the policy in a board of supervisors"].)[1] If, however, the act is an exercise of the police power constitutionally delegated to counties and cities (Cal. Const., art. XI, § 7), it is likely to constitute an act of legislation rather than administration. (*Hughes* v. *City of Lincoln, supra,* 232 Cal.App.2d at p. 745.)

■ Appellants invoke the latter standard. They contend that the challenged ordinance was enacted by the Board pursuant to its constitutionally delegated police power (Cal. Const., art. XI, § 7) rather than decision-making power delegated by the Legislature.

Every county is required to adopt ordinances imposing the same requirements as are contained in the various uniform building codes. (Health & Saf. Code, § 17958.) A county may make such changes or modifications in its local building ordinances as are "reasonably necessary because of local climatic, geographical, or topographical conditions." (Health & Saf. Code, § 17958.5.) The Legislature has delegated to local building, housing, health, and fire departments the authority to enforce local building ordinances. (Health & Saf. Code, §§ 17960, 17961, 17962.) "Enforcement" is defined as "diligent effort to secure compliance, including review of plans and permit applications, response to complaints, citation of violations, and other legal process." (Health & Saf. Code, § 17920, subd. (e).)

---

[1]Stated differently, a referendum is barred "in a situation in which the state's system of regulation over a matter of statewide concern is so pervasive as to convert the local legislative body into an administrative agent of the state." (*Associated Home Builders etc., Inc.* v. *City of Livermore, supra,* 18 Cal.3d at p. 596, fn. 14; accord, *Friends of Mount Diablo* v. *County of Contra Costa, supra,* 72 Cal.App.3d at p. 1010.)

The Legislature has declared that uniformity of building codes "is a matter of statewide interest and concern since it would reduce housing costs and increase the efficiency of [the] private housing construction industry and its production." (1970 Stats., ch. 1436, § 7, at p. 2786; see *Baum Electric Co.* v. *City of Huntington Beach* (1973) 33 Cal.App.3d 573, 577 [109 Cal.Rptr. 260].) Nowhere, however, does the State Housing Law (Health & Saf. Code, § 17910 et seq.) delegate to local governing bodies decision-making power to impose criminal sanctions for violation of local building ordinances or to create any other methods of enforcing the ordinances or punishing their violation. (Accord, 60 Ops.Cal.Atty.Gen. 83, 87 (1977); compare, e.g., *Simpson* v. *Hite, supra,* 36 Cal.2d at pp. 129-130 [ordinance designating site for court buildings held administrative because board of supervisors was statutorily required to provide quarters for the courts].) The only decision-making power delegated by the State Housing Law to local governing bodies is the power to make changes or modifications in the uniform codes as required by "local climatic, geographical, or topographical conditions." (Health & Saf. Code, § 17958.5.) The duty of enforcement is delegated to local building, housing, health, and fire departments (Health & Saf. Code, §§ 17960, 17961, 17962), which lack authority to make law.

Respondent contends that the 1979 enactment of the statutory definition of "enforcement," which includes "citation of violations" (Health & Saf. Code, § 17920, subd. (e)), is evidence of legislative intent to mandate criminal enforcement of the building codes. But "citation of violations" does not necessarily connote criminal sanctions. Moreover, the State Housing Law distinguishes punishment from enforcement: Health and Safety Code section 17995, making violation of the State Housing Law a misdemeanor, is included in chapter 6 of the law, entitled "Violations," rather than in chapter 5 of the law (Health & Saf. Code, § 17960 et seq.) entitled "Administration and Enforcement."

Absent legislative delegation of decision-making authority to impose criminal sanctions for violation of local building ordinances, the Board's action was rooted in its constitutionally delegated police power. (Cal. Const., art. XI, § 7.) As such it was legislative rather than administrative, and is subject to referendum. (*Hughes* v. *City of Lincoln, supra,* 232 Cal.App.2d at p. 745.) Stated another way, the Board's action was legislative because it created ways and means of accomplishing the policy underlying the State Housing Law, rather than being necessary to carry out that policy. (*Fishman* v. *City of Palo Alto, supra,* 86 Cal.App.3d at p. 509; *Walker* v. *City of Salinas, supra,* 56 Cal.App.3d at pp. 715-716; *Lincoln Property Co. No. 41, Inc.* v. *Law, supra,* 45 Cal.App.3d at p. 234; *Hughes* v. *City of Lincoln, supra,* 232 Cal.App.2d at pp. 744-745.) Thus the submission of the referendum petition required the

Board either to repeal the challenged ordinance or submit it to the voters of Mendocino County. (Elec. Code, § 3754.)

The judgment is reversed. The cause is remanded for further proceedings consistent with the views expressed herein.